PROST, Chief Judge, and O’MALLEY, Circuit Judge,
with whom Circuit Judge WALLACH joins,
concurring in the denial of rehearing en banc.
We concur in the court’s denial of the petitions for rehearing en banc. We write briefly only to address certain points newly raised by the dissent, none of which support its incorrect interpretation of the statute.
*1336 First, the dissent cites a hodgepodge of other legislative enactments: a Customs Bureau duty statute, the Trade Act of 1974, the Arms Export Control Act of 1976, the Bipartisan Congressional Trade Priorities and Accountability Act of 2015, and the Omnibus Trade and Competitiveness Act of 1998. Dissent at 1340-42. The dissent’s view is that these laws illustrate Congress’s intent to account for the advent of things like digital data and electronic transmissions. But these wholly separate statutory regimes have no bearing on Congressional intent regarding Section 337; what Congress has chosen to do in connection with a completely clifferent statute is of little relevance here.[1] And even if we were to accept their relevance to this case, they would prove the opposite of the dissent’s point — namely, that when Congress wanted to bridge the gap between the non-digital world and the digital world, it did so affirmatively. Congress’s failure to do so here supports the conclusion drawn by the panel majority, not the dissent. Moreover, the dissent is wrong to suggest that it falls on us to change the law in order to address changing times. Id. at 1339-40. Any action on that front must be taken by Congress, not us. Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 430-31, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984) (“[A]s new developments have occurred in this country, it has been the Congress that has fashioned the new rules that technology made necessary.”); see also Kimble v. Marvel Entm’t, LLC, — U.S. —, 135 S.Ct. 2401, 2414, 192 L.Ed.2d 463 (2015) (“[T]he choice of what patent policy should be lies first and foremost with Congress.”).
The dissent also notes that “Section 337 does not depend on the mode of-importation; it depends on whether the imported good infringes a patent or copyright or trademark or design.” Dissent at 1337. The fact that something might infringe a U.S. patent is separate from the question of whether it is an “article.” Both of these separate statutory requirements must be met in order for the ITC to exercise jurisdiction. 19 U.S.C. § 1337.
Finally, the dissent lists thirty definitions of “article,” each having varying degrees of specificity. Dissent at 1344 n.2. While the dissent posits that “[a]ll the definitions define ‘article’ as distinguishing an item from its class as a whole,” id. at 1344, only a handful of its cited definitions actually do so. And in any event, none of the dissent’s definitions are inconsistent with defining “article” as a “material thing.” Thus, even with all the definitions brought in at this late stage, the dissent fails to support its overbroad interpretation.
The panel majority was correct in interpreting the word “articles” in Section 337 *1337 to mean “material things.” That interpretation is the one that is mandated' by the plain meaning of the word, the context of 19 U.S.C. § 1337(a) and the entire statutory scheme, and the legislative history. This court is correct to deny en banc- review.

. For example, the cited decisions by the Court of International Trade and the Department of Labor, which interpret the Trade Act of 1974, have nothing to do with Section 337. Dissent at 1340-41. The Trade Act of 1974 was enacted to provide assistance to domestic producers of "articles” whose jobs were being moved abroad. The meaning of the word "article” in this worker-protection context is irrelevant to the question of the ITC’s jurisdiction to regulate importation of articles that infringe U.S. patents. Likewise, there can be no question that the cited district court decision interpreting the word "defense articles” in the Arms Export Control Act of 1976 has no bearing on this case. Id. at 1340-41. Unlike here, the word “defense articles” in the arms context is expressly defined as including "any item or technical data.” 22 C.F.R. § 120.6. And the cited decision of the Customs Bureau was about whether software is merchandise that is statutorily subject to import duties. Dissent at 1340. That decision has nothing to do with Section 337's regulation of imported articles that infringe U.S. patents; indeed, the Customs Bureau’s tasks do not even include making determinations regarding importation of infringing articles.